IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OCENTRO ESPIRITA BENEFICENTE UNIAO DO
VEGETAL (UDV-USA), a New Mexico corporation,
on its own behalf and as representative of its members,
O CENTRO ESPIRITA BENEFICENTE UNIAO DO
VEGETAL, NUCLEO SANTA FE (UDV), a New Mexico
Corporation, on its own behalf and as representative of its
Members, and THE AURORA FOUNDATION, a Texas
corporation,

      Plaintiffs,

vs.                               Cause No. 1:12-cv-00105 KG/LFG

BOARD OF COUNTY COMMISSIONERS
OF SANTA FE COUNTY,

      Defendant,

<u>MEMORANDUM OPINION AND ORDER</u>

On September 5, 2012, the Court, on the joint motion of the parties, entered an order

staying all case management deadlines so the parties could explore a voluntary resolution of this

matter. (Doc. 68). On January 17, 2013, Defendant filed a Motion to Consolidate, seeking to

consolidate this lawsuit with a related case, *Seigel et. al. v. Board of County Commissioners of*

*Santa Fe County*, No. 13-CV-0012 KG/KBM (D.N.M.). (Doc. 73). On July 22, 2013, Plaintiffs

and Defendant filed a Joint Motion for Entry of Judgment, along with a form of judgment. (Doc.

85). The parties provided a copy of the Joint Motion for Entry of Judgment and the proposed

form of judgment to Robert Seigel; Sheila Seigel; Evergreen Investments, LLC; Leslie Turner;

Marion Turner; and David Gibson (the Seigel Plaintiffs), the plaintiffs in *Seigel*. On July 29,

2013, the Seigel Plaintiffs, although not parties to this case, filed a Response in Opposition to the

Joint Motion for Entry of Judgment (Response). (Doc. 86). On August 9, 2013, Defendant filed a

reply to the Seigel Plaintiffs' Response. (Doc. 87). On August 12, 2013, Plaintiff UDV-USA also

filed a reply. (Doc. 89). For the following reasons, the Joint Motion for Entry of Judgment is

granted.

*I. Background*

    *A. Summary of the Material Facts*

    Plaintiffs in this case are: O Centro Beneficente Uniao do Vegetal (UDV-USA), the

United States arm of a Christian Spiritist religion that was founded in Brazil over 60 years ago;

O Centro Beneficente Uniao do Vegetal, Nucleo Santa Fe (UDV), UDV-USA's Santa Fe

congregation; and the Aurora Foundation, a private, not-for-profit organization that paid certain

expenses which UDV incurred in connection with its land use application to build a temple.

Defendant is the final policymaker for the County of Santa Fe. Plaintiffs brought this action

following Defendant's denial of their land use application to build a temple in Santa Fe County.

    On July 7, 2009, Plaintiffs submitted an application to Defendant seeking a permit to

build a temple at 5 Brass Horse Road in Santa Fe County, New Mexico. (Doc. 41) at ¶ 41. On

October 26, 2011, Defendant entered a written order formally denying Plaintiffs' land use

application. (Doc. 22-3). Plaintiffs filed suit in this matter for injunctive relief, declaratory relief,

damages, and attorneys' fees and costs against Defendant pursuant to the Religious Land Use

and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5; the Civil Rights Act, 42

U.S.C. §§ 1983 and 1988; the New Mexico Religious Freedom Restoration Act, NMSA 1978, §§

28-22-1 to 28-22-5 (2000); and the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to 41-

4-27 (2009).

    On November 8, 2012, the parties engaged the services of retired United States

Magistrate Judge Leslie C. Smith who conducted a mediation. As a result of the mediation, the

parties reached an agreement to resolve this matter. All issues were addressed except the issue of attorney's fees and costs. On November 13, 2012, Defendant held a meeting and approved the settlement agreement. (Doc. 85-1). The parties again enlisted the services of Judge Smith to resolve attorney's fees and costs, reaching an agreement that Defendant would pay Plaintiffs' attorney's fees and costs in the amount of $750,000.00. On November 27, 2012, Defendant held another meeting and approved a revised order incorporating the terms of the parties' settlement agreement to approve the building of the temple. (Doc. 85-4).

    *B. The Settlement Agreement*

    According to the settlement agreement between Plaintiffs and Defendant, Plaintiffs are allowed to build a temple at 5 Brass Horse Road subject to thirteen conditions. *Id.* The conditions are: (1) all services must be conducted inside the proposed temple; (2) the number of services and number of attendees is restricted; (3) all conditions of approval previously recommended by Santa Fe County land use staff to Defendant apply; (4) the settlement agreement is subject to approval by Defendant; (5) Santa Fe County must bring county water to the property line of the proposed temple, and UDV must hook up to the county water supply and not use the well on the property; (6) Santa Fe County must install a sewage treatment plant on the property; (7) UDV-SF agrees not to erect a yurt or greenhouse on the property; (8) UDV-SF agrees not to erect any additional structures on the property for five years; (9) UDV-SF must construct a wall to shield the parking area; (10) ingress and egress to the property must comport to a set plan; (11) Defendant must adopt an order rescinding its October 26, 2011 order; (12) Defendant must pay Plaintiffs' attorney's fees; and (13) upon approval of the settlement agreement, Plaintiffs will dismiss with prejudice this lawsuit. *Id.* The settlement agreement is signed by: Robert Becker, attorney for Defendant; Stephen C. Ross, a Santa Fe County attorney; John W. Boyd and Nancy

Hollander, attorneys for Plaintiffs; Katherine Miller, Santa Fe County Manager; Elizabeth Stefanics, Santa Fe County Chair; Pete Jackson; and Jeffrey Bronfman, Vice President of UDV-USA and President of the Aurora Foundation. *Id.*

*II. Discussion*

    A.  *The Seigel Plaintiffs' Response*

The first issue the Court must address is whether to consider the Seigel Plaintiffs' Response, a response filed by a non-party. A "party" to litigation is "[o]ne by or against whom a lawsuit is brought." *U.S. ex rel. Einstein v. City of New York, New York*, 556 U.S. 928, 928 (2009) (quoting Black's Law Dictionary 1154 (8th ed.2004)). "An individual may also become a "party" to a lawsuit by intervening in the action." *Id.* "[I]ntervention is the requisite method for a nonparty to become a party." *Id.* (citation omitted). "Those seeking to participate in the underlying resolution of the merits of a lawsuit" must become a party to the lawsuit by "mak[ing] timely application to intervene under Fed. R. Civ. P. 24." *Plain v. Murphy Family Farms*, 296 F.3d 975, 980 (10th Cir. 2002) (internal quotations removed).

The Seigel Plaintiffs are not parties to this case. Although they have known about this litigation since at least June 28, 2012, the Seigel Plaintiffs have not filed a motion to intervene in this case. *See* (Doc. 42). Additionally, the Seigel Plaintiffs have resisted becoming parties to this lawsuit by opposing motions in this case and in the *Seigel* litigation to consolidate the two cases. (Docs. 73-76); *see also* (Docs. 9-12), filed in *Seigel*. Because the Seigel Plaintiffs are not parties to this action, the Court will not consider their Response. *See McGuire-Pike v. Ameri-CK, Inc.*, No. 04-CV-0705 JB/ACT (D.N.M.), (Doc. 88) at *4 (stating court may decline to consider motion filed by non-party).

*B. Approval of the Settlement Agreement*

Next, the Court addresses whether it should approve the settlement agreement. In approving a settlement agreement, the Court "must ensure that the agreement is not illegal, a product of collusion, or against the public interest." *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991) (citation omitted). Additionally, the Court "has the duty to decide whether the decree is fair, adequate, and reasonable before it is approved." *Id.* The Court finds that the settlement agreement meets the above mentioned requirements and, hereby, is approved. Hence, pursuant to the settlement agreement, Plaintiffs' claims against Defendant will be dismissed with prejudice. The Court also concludes that Defendant's Motion to Consolidate is now moot.

**IT IS ORERED that:**

1. the Joint Motion of Plaintiffs and Defendant for Entry of Judgment (Doc. 85), filed July 22, 2013, is granted;

2. this lawsuit will be dismissed with prejudice; and

3. Defendant's Motion to Consolidate and Memorandum in Support (Doc. 73), filed January 17, 2013, is denied as moot.

UNITED STATES DISTRICT JUDGE